UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07CV238 HEA |
| ) | |
| JOHNSTOWN AXEL CORP., STANDARD ) | |
| FORGED PRODUCTS, INC., and TRINITY ) | |
| INDUSTRIES, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 5]. Defendants have filed a written opposition to this motion, to which Plaintiff has replied. For the reasons set forth below, the Motion to Remand is denied.

## Facts and Background

Plaintiff filed its petition in the Circuit Court of the City of St. Louis, Missouri on April 10, 2006. The action arises out of a derailment of a Union Pacific train in the City of St. Louis, Missouri on April 11, 2001. The First Amended Petition alleges that the derailment was the result of Defendant's negligence due to improper mounting of a wheel on a certain railcar and negligent inspection of the railcar.

Defendant removed the matter to this court pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331. The Notice of Removal alleges that the

action arises under federal law, specifically, the Federal Railroad Safety Act, 49 U.S.C. § 20102, *et seq.*

Plaintiff's Motion to Remand challenges the Court's federal question jurisdiction, arguing that its cause of action is based purely on state law and therefore the Court lacks subject matter jurisdiction. Defendants assert that Plaintiff's state law cause of action is preempted, under the express preemption provision of the FRSA found at 49 U.S.C. § 20106.

## **Discussion**

Generally, a plaintiff can avoid removal to federal court by alleging solely state law claims. *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). A defendant is not permitted to remove a case to federal court by injecting a federal question into an otherwise state law claim and thereby transform the action into one arising under federal law. *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000)(citing *Caterpillar*). A federal defense does not provide a basis for removal, even if that defense is anticipated in the complaint and is the only question at issue. *Caterpillar*, 482 U.S. at 393. The well-pleaded complaint rule makes the plaintiff "the master of the claim. . ." *Id.*, at 395.

However, a plaintiff's characterization of a claim as based solely on state law

is not totally dispositive of the issue as to whether federal jurisdiction exists. *Peters v. Union Pacific R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). There are, however, exceptions to the general well-pleaded complaint rule. One basis for removal is federal question jurisdiction. *See* 28 U.S.C. § 1441. A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28, (1983). Additionally, "'complete' preemption is an exception to the well-pleaded complaint rule and, unlike preemption as a defense, is a basis for federal jurisdiction. *Gaming Corp.,* 88 F.3d at 543." *Lundeen v. Canadian Pacific Ry. Co.,* 447 F.3d 606, 1 (8th Cir. 2006), *cert. denied*, __U.S.__, 127 S.Ct. 1149 (2007).

Federal preemption derives from the Supremacy Clause of the United States Constitution. The Constitution establishes the laws of the United States as "the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Thus, any state law which conflicts with federal laws or regulations is preempted. *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 663 (1993).

When Congress enacted the FRSA, it directed the Secretary of Transportation

to "prescribe regulations and issue orders for every area of railroad safety." 49 U.S.C. § 20103. The Secretary delegated authority to "[c]arry out the functions vested in the Secretary by the [FRSA]" to the Federal Railroad Administration ("FRA"). 49 C.F.R. § 1.49(m). The FRA has done so by establishing a "national railroad safety program ... to promote safety in all areas of railroad operations in order to reduce deaths, injuries and damage to property resulting from railroad accidents." Id. at § 212.101(a). To assure that railway safety is "nationally uniform to the extent practicable," Congress wrote into the FRSA an explicit preemption clause whereby states retain authority to regulate railroad safety, but only "until the Secretary of Transportation ... prescribes a regulation or issues an order covering the subject matter of the State requirement." 49 U.S.C. § 20106. Once the Secretary of Transportation has done so, state law is preempted.[1]

The United States Supreme Court has clearly held that regulations adopted

---

[1] Specifically, 49 U.S.C. § 20106 provides:

> Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable. A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement.

pursuant to the FRSA preempt state law tort claims if they cover-or "substantially subsume"-the subject matter of the relevant state law. *Easterwood*, 507 U.S. at 664. The Eighth Circuit also deems coverage to be preemption's "touchstone." *In re Derailment Cases*, 416 F.3d 787, 793 (8th Cir.2005). State tort laws are preempted whenever federal regulations, adopted pursuant to the FRSA, address the same subject matter. *Id*. See also, *Lundeen*, 447 F.3d at 611-12. ("'If the statute contains an express preemption clause, then the statutory construction should center on its plain meaning as the best evidence of Congress's [sic] preemptive intent.' *Peters v. Union Pac. R.R.*, 80 F.3d 257, 261 (8th Cir. 1996).")

Furthermore, in *Grable v. & Sons Metal Products, Inc. v. Dare Eng'g & Mfg*. 545 U.S. ___, 125 S.Ct. 2363 (2005), the Supreme Court held that lack of a private right of action under federal law does not divest the court of federal jurisdiction, when a state law claim contains a disputed and substantial question of federal law, so long as the federal and state balance is not disturbed. 125 S.Ct. at 2368.[2] Under

---

[2] In *Grable*, plaintiff brought a quiet title action in state court, arguing that a subsequent owner's title was invalid because he had not received notice of the IRS's sale of his property in the exact manner required under 26 U.S.C. § 6335. The defendant in that case removed the quiet title action to federal court, arguing that the claim of title depended on the interpretation of the notice statute in the federal tax law. *Id*. at 2366. The Supreme Court held that the case was properly removable, as the determination of the case contained a substantial question of federal law. *Id*. at 2368.

this standard, the Court's analysis must be based on whether there is a disputed and substantial question of federal law *and* whether exercising federal jurisdiction would disturb the balance between the federal and state judicial responsibilities. *Id.*

With respect to Plaintiff's negligent inspection claims, the Eighth Circuit has determined that the FRSA clearly preempts these claims.

> The Federal Railroad Administration (FRA) is authorized to "prescribe regulations and issue orders for every area of railroad safety." The FRA has adopted regulations that require inspections of freight cars at each location where they are placed in a train. 49 C.F.R. § 215.13. Railroads must designate inspectors who "have demonstrated to the railroad a knowledge and ability to inspect railroad freight cars for compliance with the [FRA regulations]." *Id* at § 215.11. The FRA's regulations specify that a railroad may not place or continue in service a car that, *inter alia*, has a defective coupler, *id*, at § 215.127.
>
> The regulations also establish a "national railroad safety program" intended "to promote safety in all areas of railroad operation in order to reduce deaths, injuries and damage to property resulting frm railroad accidents." *Id.* at § 212.101(a). Federal and state inspectors "determine the extent to which the railroads, shippers, and manufacturers have fulfilled their obligations with respect to inspection, maintenance, training, and supervision." *Id.* at § 212.101(b)(1). Inspectors visit rail yards to ensure compliance with the regulations, *id.* at § 212.213, and railroads face civil penalties for violations. *Id.* at §§ 215.7 and 215, App. B. To assist federal and state inspectors who monitor the railroads' compliance with the FRA regulations, the FRA has issued a manual that includes "enforcement and inspection strategies" and "interpretations of the codified regulations." *See* Motive Power and Equipment Enforcement Manual.
>
> Plaintiffs contend that he FRA's regulations do not substantially subsume the subject matter of their negligent inspection claims because the regulations do not specify the manner in which freight car inspections must be accomplished. But a regulatory framework need

not impose bureaucratic micro management in order to substantially subsume a particular subject matter. *Cf. CSX Trans., Inc. V. Williams*, 406 F.3d 667, 672 (D.C. Cir. 2005)("the FRSA preemption provision . . . authorizes the court *only* to determine whether the regulation covers the subject matter, leaving it to [the federal agency] to gauge the efficacy of the . . . Measures based on the agency's expertise.") it is clear that the FRA's regulations are intended to prevent negligent inspection by setting forth minimum qualifications for inspectors, specifying certain aspects of freight cars that must be inspected, providing agency monitoring of the inspectors, and establishing a civil enforcement regime. These intentions are buttressed by the FRA's inspection manual for federal and state inspectors. Further, there is no indication that the FRA meant to leave open a state tort cause of action to deter negligent inspection. *Cf. Chapman*, 390 F.3d at 627 (fining no preemption when the regulations at issue "specifically contemplate the existence of a common-law cause of action for negligent"). Accordingly, we conclude that Plaintiffs' negligent inspection claims are preempted by the FRA's regulations.

*In Re: Derailment Cases*, 416 F.3d 787, 793-74 (8th Cir. 2005)(footnotes omitted.)

Plaintiff argues, in its reply brief,[3] that the *Derailment* case does not apply to the instant case because it did not address the doctrine of "complete preemption," nor did it hold that a claim for negligent inspection of a railcar is completely preempted by the FRSA such that removal to federal court based on federal question jurisdiction is proper. Plaintiff, however, fails to recognize that complete preemption *was* addressed by the Eighth Circuit in *Lundeen*. In *Lundeen*, the Court

---

[3] The Court finds it curious that Plaintiff failed to even address the issue of negligent inspection in its Memorandum in Support of its Motion to Remand.

noted that the *Derailment* case was a conflict rather than compete preemption case, but nevertheless found the negligent inspection claims preempted following the logic in *In Re Derailment.  Lundeen*, 447 F.3d at 614.

Because the FRSA preempts Plaintiff's negligent inspection claims, this Court has federal question jurisdiction over this case.  Removal was therefore proper and remand is improper.[4]

Plaintiff is, however, correct that there are no regulations with respect to its "negligent mounting" claims.  Although Defendants argue that this claim is clearly subsumed by the regulations because the "regulatory framework need not impose bureaucratic micromanagement in order substantially subsume a particular subject matter." *In Re: Derailment Cases*, 416 F.3d at 794.  However, the subject matter, *i.e.*, the mounting of railcar wheels, is not addressed in any regulation thus far.  In discussing "bureaucratic micromanagement," the Eighth Circuit discusses the *manner* in which the tasks are performed, not expanding the scope of the regulations to encompass separate subject matters.  If a subject is not covered by the regulations, the states remain free to regulate that aspect until the Secretary of

---

[4] Plaintiff also urges the Court to "defer" to Judge Burger's determination that these claims are not preempted.  On January 25, 2007, Judge Burger denied Defendant's Motion to Dismiss.  While Plaintiff argues that Judge Burger determined that the claims in this case are not preempted, this Court declines to embrace Judge Burger's one line denial of the Motion to Dismiss ("Defendant's Motion to Dismiss is denied.")  as an adjudication of the preemption issue.

- 8 -

Transportation prescribes a regulation or issues an order covering the subject matter of the State requirement. 49 U.S.C. § 20106. Defendants do not dispute that there are no such regulations with respect to mounting, and because there are none, the state claim survives preemption.

Notwithstanding that these claims are not preempted, as discussed *supra,* Plaintiff's negligent inspection claims are. The Court, therefore, will exercise its discretion and retain jurisdiction over Plaintiff's negligent mounting claims, pursuant to the Court's supplemental jurisdiction. As Judge Limbaugh recognized in *Hodge v. Burlington Northern & Santa Fe Railway Co*, 461 F.Supp. 1044, 1053 (E.D. Mo. 2006), "[i]nstead of requiring the parties to litigate this unfortunate accident in two forums, the Court will exercise its supplemental jurisdiction and retain all of the remaining claims. . . the federal court, in this situation, is the preferred forum to litigate this matter. This Court is fully versed in Missouri law and is quite capable of applying Missouri law to those claims which are not federally preempted."

## Conclusion

Based on the foregoing analysis, the Court finds that Plaintiff's negligent inspection claims are preempted by the Federal Railroad Safety Act, and thus, this court has federal question jurisdiction. With respect to the remaining state law claims, the Court will exercise its supplemental jurisdiction and retain those claims

to be litigated in conjunction with the federal question claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand, [Doc. No. 15], is denied.

Dated this 20th day of April, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE